PER CURIAM.
Appellant seeks review of an order denying his motion for post-conviction relief. For the reasons that follow, we treat his motion as one pursuant to Florida Rule of Criminal Procedure 3.800(a), and reverse for further proceedings.
This is the second time that appellant has been before this court seeking relief *845 from an order denying post-conviction relief. On the prior occasion, appellant had filed a claim asserting entitlement to relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court held that appellant was not entitled to relief because he was sentenced pursuant to negotiated pleas. This court affirmed without opinion. Collier v. State, 795 So.2d 61 (Fla. 1st DCA 2001) (table).
In the motion which was the subject of the order now before us, appellant recited that history, and then asserted that his concurrent sentences of 14 years in prison to be followed by 5 years probation for offenses which were all second and third degree felonies were illegal because they exceeded the statutory máximums for those offenses. The trial court treated the motion as one pursuant to Florida Rule of Criminal Procedure 3.850, and denied it as untimely and successive. Treating the motion as one pursuant to rule 3.800(a), however, it is neither untimely nor successive. Accordingly, we reverse and remand. On remand, the trial court is directed to determine whether the record reflects that appellant is entitled to relief because his sentences, imposed pursuant to negotiated pleas, exceed the statutory máximums. Should it conclude that it does not, it may again deny the motion, attaching relevant portions of the record to its order. Should it conclude that appellant is entitled to relief on his claim, it shall vacate the offending sentences and impose new, legal, sentences.
REVERSED and REMANDED, with directions.
WEBSTER, DAVIS and VAN NORTWICK, JJ., CONCUR.